USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 3/4/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

NORMAN MAURICE ROSE, M.C., M.H.A., LLC, and EAST COAST PLASTIC SURGERY, P.C.,

Plaintiffs,

-against-

23 civ. 8527 (CM)(OTW)

AETNA LIFE INSURANCE COMPANY,

Defendant.

---------------------------------------------------------------- x

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C., & NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C,

Plaintiffs,

-against-

23 civ. 6238 (CM)(KHP)

BCBS OF NORTH CAROLINA,

Defendant.

---------------------------------------------------------------- x

MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO AMEND THE COMPLAINTS IN THESE ACTIONS AND DISMISSING BOTH CASES WITH PREJUDICE

McMahon, J.:

I assume reader familiarity with the numerous cases brought by plastic surgeon Norman Rowe against various insurers, on the theory that statements made during verification of benefits telephone calls by a health insurance company's customer service representatives constituted enforceable promises to pay Rowe's exorbitant fees for plastic surgery he performed as an out-of-network provider.

On January 15, 2025, this court issued an order to show cause why these cases should not be dismissed with prejudice and without leave to amend in light of the decision of the United States

Court of Appeals for the Second Circuit in *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Insurance Co.*, 23-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024). In that case, the Second Circuit affirmed the dismissal with prejudice of a complaint that is identical to the complaints in the instant lawsuits in all material respects.[1] (Dkt. No. 45).

Rowe responded to the order to show cause by serving proposed amended complaints in each lawsuit. I will take that as an acknowledgement that the complaints he originally filed – in which he asserted the same four causes of action that were thrown out as meritless by the Judge Rakoff and the Second Circuit – fail to state a claim for relief. The original complaints are dismissed with prejudice. I will treat his new filings as motions for leave to amend his original complaints.

Rowe's proposed amended pleadings also fail to state a viable claim for relief, so leave to amend is denied and these cases are dismissed with prejudice. Each of the claims – breach of contract, unjust enrichment, promissory estoppel, and fraudulent inducement – seeks reimbursement for surgeries performed by insureds under ERISA Plans. The newly asserted claims, all of which arise under state law, are expressly preempted by Section 514(a) of ERISA. 29 U.S.C. § 1144(a). This section requires dismissal of any state law claim that "relates to" a plan that is covered by ERISA. *Id.* The patients whose surgeries underlie the claims made by Rowe are insured by ERISA-qualified plans, and any claim for the payment of benefits necessarily "refers to" those plans, because the patients' (and through them, Rowe's) entitlement to payment of benefits is governed by the terms of the plans, rather than by any state or common law concept. The amounts paid to Rowe by the Aetna and BCBS plans for his treatment of MMS and RZ – amounts far less that Rowe wishes to recover – were calculated by the plan administrators pursuant to the terms of the respective plans. Therefore, no claim lies under any state or common law theory, including those pleaded in the proposed amended complaints. Any argument to the contrary is, frankly, frivolous – as Rowe and his counsel ought to know.

The notion that the court ought not consider the plans because they were not attached to the complaint is a statement too ridiculous to warrant serious consideration. The plans provide the insurance coverage for the patients and so are integral to the complaint that seeks to recover for surgeries performed on them. If this were not so, there would have been no reason for the alleged employees of Rowe Plastic Surgery to call and seek verification of benefits from the plan administrators in the first place. A document that is integral to a complaint can be considered on a motion to dismiss, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002), so it can certainly be considered on a motion for leave to amend, where a court is charged with determining whether a proposed amended claim is frivolous or not.

Furthermore, the claims Rowe proposes to assert depend for their force on what was said during the "verification of benefits" call that ostensibly constituted a promise to pay 80% of whatever fee Rowe chose to charge. This means that the proposed amended complaints necessarily rely on what was said on those calls – both of which were recorded. The transcripts of those recordings are integral to the pleading and can be considered on a motion for leave to amend for futility. *Id.*

I have the transcripts of both calls. On the call made to MMS's insurer, BCBS of North Carolina, the customer service representative specifically stated, "Before that, I will inform, *this is both not a guarantee of payment. Eligibility benefit determination will be made at a time when the claims should be for processing, OK*?" (Dkt. No. 42-1 at 5, Call to BCBS on behalf of MMS)

---

[1] Moreover, 23 Civ. 8527 is brought against one of the defendants in the cases assigned to this court.

(Emphasis added). It is impossible to infer any promise to pay any specific amount when the person on the other end of the telephone says she is not guaranteeing payment in any specific amount or pursuant to any particular formula.

On the call made to RZ's insurer, Aetna, Plaintiffs' employee, Kiana, spoke with an Aetna customer service representative to verify the benefits available under the insured's plan for an outpatient surgery for CPT code 19318. (Dkt. No. 14-1, at 3:05–07, Call to Aetna on behalf of RZ). Aetna's customer service representative accessed the insured's plan and confirmed that the out-of-network benefits covered outpatient surgery professional charges at "60 percent after the deductible. Deductible is $2000 and it is a calendar year. For the out-of-pocket max, it is $6,000. For the accumulations for the deductible, nothing has been met, same as the out-of-pocket max. They met only 64 cents." (*Id.* at 4:01-06). In response to Plaintiffs' employee asking about "any reimbursement rate," Aetna's customer service representative responded, "[a]ll right, reimbursement. 80 percentile and customary." (*Id.* at 4:10-14). At no time during the call did Aetna's customer service representative promise to pay Plaintiffs for any particular surgical services provided to the insured at the quoted rates. Indeed, by indicating that RZ had not yet met the deductible for coverage under her policy, Aetna's representative effectively indicated that there might be no coverage for RZ's surgery at all! The transcript reveals that there was absolutely no promise to pay a bill of any particular size at any particular rate.

In sum, there is no basis on which the proposed amended complaints can go forward. The motions in each case for leave to amend the complaint is denied, and both captioned cases are dismissed with prejudice, and with costs to the defendants.

Any further effort by Dr. Rowe, his attorneys of record, or anyone affiliated with him to bring further lawsuits of this nature before this court will be considered sanctionable conduct, and in the case of counsel may result in a referral to the Grievance Committee of the Southern District of New York.

This constitutes the decision and order of the court. It is a written decision.

Dated: March 3, 2025

U.S.D.J.

BY ECF TO ALL COUNSEL